UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN HODGE, JR.

                Plaintiff,

-against-

KENNETH J. KAUFMANN,

                Defendant.

23-CV-3049 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He alleges that his former criminal defense counsel, Defendant Kenneth Kaufmann, violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff was acquitted of all of the criminal charges brought against him, after Defendant was replaced with new defense counsel. By order dated April 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following facts. He was charged with felony crimes and prosecuted in the Supreme Court of the State of New York, Bronx County. Kenneth Kaufmann served as Plaintiff's defense counsel until October 3, 2019, when Kaufmann was "relieved of his duties."[1]

---

[1] It is unclear from the facts alleged whether Plaintiff requested that Kaufmann be relieved as defense counsel.

Plaintiff's pretrial detention was longer than it should have been because Kaufmann failed to obtain discovery or have an "appropriate strategy for trial." (ECF 1 at 5.) For example, Kaufmann failed to ask his investigator to interview key witnesses Raven Pryor or Najirae Williams, even though Pryor was in the custody of the New York City Police Department, and the investigator could have interviewed them through the Bronx County District Attorney's Office.

Kauffman also failed to take appropriate action regarding forensic test results and failed to inform Plaintiff of important developments, including an allegedly inappropriate request from the Bronx County Assistant District Attorney. In addition, Kauffman failed to argue to the state court that the search of Plaintiff's vehicle had been improper because the warrant did not issue until after the search; that Plaintiff had been improperly arrested without probable cause; and that detectives had made false statements in support of the warrant. Defense counsel also failed to timely obtain Plaintiff's medical records from Saint Barnabas Hospital, despite Plaintiff's having signed an authorization for disclosure. Kauffman also misled Plaintiff about the identity of a prosecution witness and failed to recognize inconsistencies in witnesses' accounts of events. He also failed to take appropriate action regarding defects in the photo array identification procedure; failed to move to dismiss the charges for lack of evidence; and failed to provide accurate information about plea deal offers.

Plaintiff attaches a document reflecting that, on November 18, 2021, he was acquitted of the charges against him. Plaintiff sues Defendant Kaufmann, seeking damages from his former defense counsel on the ground that he violated Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

## DISCUSSION

A.  **Constitutional Violation**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because Plaintiff invokes federal question jurisdiction and asserts violations of his constitutional rights, the Court construes Plaintiff's claims as arising under Section 1983.[2]

A claim for relief under Section 1983, however, must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately

---

[2] The facts can be understood, in some instances, as suggesting that defense counsel failed to raise constitutional arguments (for example, he allegedly failed to raise an argument that Plaintiff's rights under the Fourth Amendment were violated when his car was searched without a warrant), rather than allegedly violating Plaintiff's constitutional rights himself.

4

retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). Defendant Kaufmann, in representing Plaintiff in criminal proceedings, thus does not qualify as a state actor, even if he was appointed by the state court to represent Plaintiff or is a public defender. Because a Section 1983 claim for the violation of constitutional rights can be asserted only against a state actor, and Defendant Kaufmann was not a state actor in acting as defense counsel, Plaintiff fails to state a claim on which relief can be granted under Section 1983. The Court therefore dismisses these claims. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Supplemental State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### C. Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of Plaintiff's state law claims and dismisses these claims without prejudice to Plaintiff's refiling them in an appropriate forum.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:  June 12, 2023
        New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge